UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO TORRES CORTEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2869 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Julio Torres Cortez' petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion for summary judgment, and the arguments and authorities submitted by the parties, the Court is of the opinion that respondent's motion should be granted and Cortez' petition for a writ of habeas corpus should be DENIED.

### I.   Background

Petitioner Julio Torres Cortez was convicted by two separate juries of two counts of aggravated sexual assault of a child and was sentenced to consecutive terms of life and 75 years imprisonment. Texas' Fourteenth Court of Appeals affirmed the convictions. *Cortez v. State*, No. 14-97-00907-CR (Tex.App.–Houston [14th Dist.] June 17, 1999); *Cortez v. State*, No. 14–96–01196–CR (Tex.App.-Houston [14th Dist.] May 27, 1999).

On January 10, 2007, Cortez filed two postconviction motions for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. The trial court denied the motions, and the 14th Court of Appeals affirmed. *Cortez v. State*, Nos. 14-09-00149-CR, 14-09-00150-CR (Tex.App.–Houston [14th Dist.] Oct. 14, 2010). On September 24, 2012, Cortez filed two state habeas corpus applications contending that he received ineffective assistance of counsel in his

Chapter 64 proceedings. The Texas Court of Criminal Appeals ("TCCA") denied relief. Cortez filed this federal petition on September 17, 2012.

## II.     Analysis

Cortez contends that he received ineffective assistance of counsel in his article 64 proceedings. Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material. TEX.CODE CRIM. P. art. 64.01(a). The convicted person must demonstrate that the evidence "was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense," but that the state has not previously tested it. *Id.*, art. 64.01(b). Additionally, the convicted person must show that the identity of the perpetrator was or is an issue in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.*, art. 64.03(a)(1)(B), (2)(A). If these requirements are met, the state court may order DNA testing. *Id.*, art. 64.03(b). After examining the results of the testing, the convicting court shall hold a hearing and make a finding as to whether it is reasonably probable that the person would not have been convicted had the results been available during the trial of the offense. *Id.,* art. 64.04.

Federal habeas relief is only available if a petitioner shows he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Any right petitioner may have regarding post-conviction DNA testing arises solely under Texas law and does not raise a federal constitutional issue. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.1999); *see also Richards v. District Attorney's Office*, 355 F. App'x 826, 826 (5th Cir.2009) (unpublished). Thus, any claim that the chapter 64 proceeding was defective is based solely on state law and provides no basis for federal habeas relief.

Moreover, it is well-established that there is no constitutional right to counsel in a post-conviction proceeding.  "States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well."  *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)(citation omitted).  While the Supreme Court recently held that ineffective assistance of postconviction counsel can, in certain circumstances, constitute cause for a procedural default, *see Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Martinez* does not create a freestanding constitutional claim for ineffective assistance of state postconviction counsel.  Accordingly, Cortez is not entitled to federal habeas corpus relief on his claim.

## III.     Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted and Cortez' petition is dismissed with prejudice.

## IV.     Certificate of Appealability

Cortez has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> Where a district court has rejected the . . . claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Binding precedent is clear that Cortez is not entitled to relief on his claim. Reasonable jurists would not find this Court's conclusion debatable. The Court therefore concludes that Cortez is not entitled to a certificate of appealability.

**V.     Order**

For the foregoing reasons, it is ORDERED as follows:

1.  Respondent's motion for summary judgment (Doc. # 14) is GRANTED;

2.  Petitioner Julio Torres Cortez' Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

3.  No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 26th day of August, 2013.

_____
Kenneth M. Hoyt
United States District Judge